IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANDREADA YOLANE HAYNES                                              PLAINTIFF

vs.                                                    CIVIL ACTION NO. 1:12CV034-SAA

MICHAEL ASTRUE,
Commissioner of Social Security                                     DEFENDANT

**MEMORANDUM OPINION**

      This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Andreada Yolane Haynes for supplemental security income payments under Section 1614(a)(3) of the Social Security Act. Plaintiff filed an application for supplemental security income ("SSI") on February 12, 2009 alleging disability beginning on February 14, 2009.[1] Docket 6, p. 355-56. Plaintiff's claim was denied initially on September 8, 2009, and upon reconsideration on October 8, 2009. Docket 6, p. 97-99, 62-63. She filed a request for hearing on October 22, 2009. *Id.* at 91. She was represented by counsel at the hearing on October 21, 2010. *Id.* at 353-375. The Administrative Law Judge (ALJ) issued an unfavorable decision on December 6, 2010, and on December 16, 2011, the Appeals Council denied plaintiff's request for a review. *Id.* at 9-20, 4-6. Plaintiff timely filed the instant appeal from the ALJ's most recent decision, and it is now ripe for review.

      Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

---

    [1]Plaintiff initially claimed an onset date of April 23, 2007, but after a prior application was denied, amended her onset date to February 14, 2009.

# I. FACTS

Plaintiff was born on February 17, 1969 and has a GED. Docket # 6, p. 357. She was 41 years old at the time of the ALJ's decision. Plaintiff's past relevant work was as a nurse's assistant and a housekeeper. *Id.* at 157. She previously applied for SSI, but was denied on February 13, 2009. *Id.* at 355. Plaintiff contends that she became disabled before her application for SSI as a result of arthritis, ruptured disc, asthma, nerve problems, diabetes, high blood pressure, depression, anxiety, and high cholesterol. *Id.* at 156.

The ALJ determined that plaintiff suffered from "severe" impairments including "disorder of the back, affective disorder, anxiety-related disorder, diabetic neuropathy, and hypertension" (Docket #6, p. 14), but that these impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 CFR 416.920(d), 416.925 and 416.926). *Id.* at 15. Based upon testimony by the vocational expert [VE] at the hearing and upon consideration of the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity (RFC) to

> lift/carry and push/pull 10 pounds occasionally and less than 10 pounds frequently. She can sit for 6 hours in an 8-hour workday and walk/stand for 2 hours in an 8-hour workday. Due to her mental limitations, she can perform only routine and repetitive tasks. The claimant can understand and carry out instructions and can maintain attention adequately for 2 hour periods in an 8-hour workday.

Docket 6, p. 17. Upon further analysis under applicable rulings and regulations, the ALJ determined that plaintiff was less than fully credible in that her claimed symptoms, stated limitations and subjective complaints – particularly concerning the intensity, persistence and limiting effects of these symptoms – are inconsistent with the record medical evidence. (Tr. 16-

18). After evaluating all of the evidence in the record, including testimony of both plaintiff and a VE at the hearing, the ALJ held that plaintiff could perform the job of an eye glass lens inserter, a lamp shade assembler and a fishing lure assembler. *Id.* As a result, the ALJ concluded that plaintiff is not disabled under the Social Security Act. *Id.*

Plaintiff claims that the ALJ erred because he did not properly determine plaintiff's residual functional capacity or properly evaluate plaintiff's credibility relating to the intensity, persistence and limiting effects of her severe impairments. Docket 6, p. 8, 9, 14.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[2] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[3] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[4] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[5] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the

---

[2]*See* 20 C.F.R. § 416.920 (2010).

[3]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[4]20 C.F.R. § 416.920(b) (2010).

[5]20 C.F.R. § 416.920(c)(2010).

3

impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[6] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[7] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[8] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[9]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999); citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[10] even

---

[6] 20 C.F.R. § 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[7] 20 C.F.R. § 416.920(e) (2010).

[8] 20 C.F.R § 416.920(g) (2010).

[9] *Muse*, 925 F.2d at 789.

[10] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

if it finds that the evidence leans against the Commissioner's decision.[11] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

**A. Whether the ALJ erred in determining plaintiff's residual functional capacity.**

Plaintiff contends the ALJ improperly considered plaintiff's limitations in determining her RFC. Specifically, she alleges that the ALJ failed to consider plaintiff's "limitations proximately caused by medically determinable impairments of disorder of the back, affective disorder, anxiety related disorder, diabetic neuropathy and hypertension." Docket 10, p. 9. According to the Commissioner, the ALJ did account for all of plaintiff's physical exertion requirements and actually limited plaintiff to a reduced range of sedentary work, not a full range

---

[11]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

of sedentary work as argued by plaintiff. Docket 11, p. 7-8. Despite plaintiff's claim of error, however, the court finds that the ALJ did properly consider all of her impairments, including both her mental and physical impairments.

The ALJ performed a thorough analysis of each of plaintiff's alleged impairments. For instance, regarding plaintiff's back pain, the ALJ noted that "in treatment notes from October 2008, the claimant related her pain medication helps" and concluded that there is no medical documentation to support complaints of ineffective medication. *Id.* He further noted that "Dr. Powell conducted a physical examination in December 2008 and adduced essentially negative findings." *Id.* at 18. The plaintiff had back surgery in October 2007, two and a half years before her alleged disability onset date, and plaintiff's symptoms were significantly improved by the surgery. Plaintiff only cites two records relating to her back pain after her alleged onset date. The first was a October 1, 2009 visit to North Mississippi Health Services wherein plaintiff complained of pain on her left side "due to not having medication for several months and the weather." Docket 6, p. 324. The only other time it appears that plaintiff complained of back pain after her alleged onset date was a June 26, 2010 visit to Clay County Medical Center when plaintiff indicated that she "had back surgery 2 years ago and 2 days ago it started hurting again." Docket 6, p. 220.

Similarly, plaintiff alleges that the ALJ failed to properly consider plaintiff's diabetic neuropathy. Docket 10, p. 10. However, the ALJ noted that plaintiff was diagnosed with diabetic neuropathy and was treated for the swelling of her feet, as well as itching. Docket 6, p. 14. In evaluating whether her diabetic neuropathy met a listing, he further found that "the record presents no evidence of neuropathy demonstrated by significant and persistent disorganization of

6

motor function in two extremities resulting in sustained disturbance of gross and dexterous movement, or gait and station." Docket 6, p. 15. The undersigned has reviewed the record and similarly does not find any limitations placed on plaintiff as a result of her alleged diabetic neuropathy in excess of those included in the RFC.

The ALJ also properly considered plaintiff's affective disorder and anxiety disorder. He relied upon the opinions of Dr. Philip Drumheller issued after two separate comprehensive mental status examinations and a mental RFC Assessment submitted by Dr. Linda Baker. He considered all four broad functional areas required in the disability regulations 20 C.F.R. §404, Subpart P, Appendix 1(Listings 12.04 Affective Disorders and 12.06 Anxiety Related Disorders), also known as "paragraph B," in evaluating the severity of plaintiff's affective and anxiety disorders. Docket 6, p. 16. He noted that she had moderate restriction in her ability to perform daily living activities in that she is able to cook, clean and do laundry, as well as socialize and go to church every two weeks. *Id.* Additionally, she can bathe and dress herself and remember to take her medications. *Id.* at 14. The ALJ also noted that plaintiff has moderate restriction in her ability to maintain social functioning and in her ability to maintain concentration, persistence or pace, and has not experienced any episodes of decompensation. *Id.* at 16. As a result, the ALJ found "[b]ecause the claimant's mental impairments do not cause at least two 'marked' limitations or one 'marked' limitation and 'repeated' episodes of decompensation, each of extended duration, the 'paragraph B' criteria were not satisfied. *Id.* The ALJ similarly evaluated plaintiff's impairments and determined that they did not satisfy "paragraph C" criteria. *Id.*

Plaintiff's argument that the ALJ did not properly consider all of plaintiff's impairments

is without merit. The ALJ properly analyzed each alleged impairment and ultimately reached an RFC that was based upon the plaintiff's limitations. The ALJ properly addressed the plaintiff's ability to perform sustained work activities and detailed record evidence to support his conclusions. The ALJ found plaintiff not disabled after considering all of plaintiff's alleged impairments to the extent to which they could be accepted based upon the entire record, including the objective medical evidence, medical opinion evidence, testimony provided by plaintiff and a VE at the hearing, and a letter from plaintiff's sister. This court finds that the ALJ properly applied the law and had substantial evidence to make this determination. Therefore, this argument is without merit.

**B. Whether the ALJ erred in finding that plaintiff's allegations concerning the intensity, persistence and limiting effects of her severe impairments were not completely credible.**

Plaintiff contends that the ALJ improperly afforded little weight to her allegations and complaints. Docket 10, p. 14. The Commissioner responds that the ALJ was not required to fully credit plaintiff's subjective complaints because the objective evidence did not support her allegations. Docket 11, p. 13. The Fifth Circuit has long held that "an ALJ's assessment of a claimant's credibility is accorded great deference . . ." *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000).

The ALJ evaluated plaintiff's allegations and complaints, found them less than fully credible and afforded them little weight. Docket 6, p. 17. He noted that plaintiff testified that her pain level measures seven out of ten after she takes Lortab for her back pain, but he was unable to find any confirmation of complaints to physicians of ineffective medication. At the hearing, plaintiff testified that the "Lortab doesn't do any good" [ Docket 6, p. 356], even though

8

she had previously told her doctor that the medications help when she takes them. *Id.* at 207. During that same visit, plaintiff denied back pain, joint swelling, muscle aches, muscle cramps, muscle weakness, stiffness, etc. *Id.* at 209. The ALJ also noted that the objective medical evidence contradicts plaintiff's testimony of severe limitations in that she can only stand for 15 minutes, sit for 10 minutes and cannot lift 10 pounds. *Id.* at 18. For instance, although plaintiff testified that she cannot do her household chores, Dr. Powell's records indicate that she can perform all of her activities of daily living. *Id.* at 186. Plaintiff's sister even indicated that she can do things such as ironing and folding clothes as long as she is sitting. *Id.* at 146. The ALJ properly used his discretion in weighing the credibility of plaintiff's complaints, and his ultimate determination was based upon the record as a whole. Because the record amply supports the ALJ's conclusion, this argument is without merit.

## IV. CONCLUSION

After diligent review, the court holds that the ALJ's decision was supported by substantial evidence and must be affirmed. A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 30th of October, 2012.

      /s/ S. Allan Alexander
      UNITED STATES MAGISTRATE JUDGE